FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2011 AUG 17 PM 3:48

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

BARBARA C. ROBINSON,

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.

    Defendant.
_____/

CASE NO.:

3:11-cv-824-J-34 MCR

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, BARBARA C. ROBINSON, by and through undersigned counsel, and files this Complaint against the Defendant NCO FINANCIAL SYSTEMS INC. and alleges:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Section 501.201 et seq. of the Florida Statutes, by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in Jacksonville, Duval County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) Sections 559.55(2) and 501.203(7), Fla. Stat.

5. Defendant, NCO FINANCIAL SYSTEMS INC. (hereinafter "Defendant") is a collection agency operating from an address 507 Prudential Road, Horsham, PA 19044, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) and Section 559.55(6).

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat., namely, a lien on her home by the city of Jacksonville, Florida.

7. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant NCO FINANCIAL SYSTEMS for collection from this Plaintiff.

8. On June 30, 2011, Plaintiff's attorney faxed a letter of representation to Defendant. (Exibit A)

9. On or about July 26, 2011, Defendant's agent, in violation of USC 1692c(a)(2), Defendant contacted the Plaintiff via telephone and left a message stating that Plaintiff should contact "Jan Badacheck" in reference to Account Identification Number 2W7ILD.

10. Defendant continues to contact the Plaintiff via telephone to date.

## TRIAL BY JURY

11. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P.38.

## **CLAIMS FOR RELIEF**

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

12. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat., namely, a debt to the city of Jacksonville, Florida, which was used by Plaintiff for personal, family and household purchases.

13. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant NCO FINANCIAL SYSTEMS for collection from this Plaintiff.

14. On June 30, 2011, Plaintiff's attorney faxed a letter of representation to Defendant. (Exibit A)

15. On or about July 26, 2011, Defendant's agent, in violation of USC 1692c(a)(2), Defendant contacted the Plaintiff via telephone and left a message stating that Plaintiff should contact "Jan Badacheck" in reference to Account Identification Number 2W7ILD.

16. Defendant continues to contact the Plaintiff via telephone to date.

17. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and

every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

18. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)( A): and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II

## VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT

### Section 501. et seq., Fla. Stat.

19. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Section 559.55(1), Fla. Stat., namely, a debt to the city of Jacksonville, Florida, which was used by Plaintiff for personal, family and household purchases.

20. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant NCO FINANCIAL SYSTEMS for collection from this Plaintiff.

21. On June 30, 2011, Plaintiff's attorney faxed a letter of representation to Defendant. (Exibit A)

22. On or about July 26, 2011, Defendant's agent, in violation of USC 1692c(a)(2), Defendant contacted the Plaintiff via telephone and left a message stating that Plaintiff should contact "Jan Badacheck" in reference to Account Identification Number 2W7ILD.

23. Defendant continues to contact the Plaintiff via telephone to date.

24. This is an action for damages and an injunction for violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) against Defendant in the attempted collection of a debt.

25. At all times relevant to this Complaint, Defendant was engaged in the business of debt collection.

26. The alleged debt in this cause is a "consumer transaction" within the scope of the FDUTPA.

27. In engaging in the conduct more specifically described above, Defendant committed deceptive and unfair trade practices in connection with attempting to collect a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

## COUNT I

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.§ 1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant and for Plaintiff; and

- for such other relief as this Court deems just and proper.

## COUNT II

## VIOLATIONS OF THE FLORIDA DECEPTIVE & UNFAIR TRADE PRACTICES ACT

### Section 501.201 et seq., Fla. Stat.

- for an award of actual damages pursuant to Section 501.211 against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to Section 501.211 against Defendant and for Plaintiff;

- for an injunction to enjoin further collection and transfer of the alleged debt and requiring that the debt be removed from Plaintiff's credit report; and for such other relief as this Court deems just and proper.

COLLINS & STORY, P.A.

MAX STORY, ESQ.
Florida Bar No. 527238
233 East Bay Street, Suite 920
Jacksonville, FL 32202
Telephone: (904) 355-0805
Attorney for Plaintiff

```
* * *  Communication Result Report ( Jun. 30. 2011  3:07PM ) * * *
                                                                          1)
                                                                          2)

Date/Time: Jun. 30. 2011  3:06PM

File                                                                Page
No.  Mode           Destination                  Pg(s)    Result    Not Sent
------------------------------------------------------------------------------
9469 Memory TX      15188622690                  P.  1    OK


------------------------------------------------------------------------------
    Reason for error
      E. 1) Hang up or line fail          E. 2) Busy
      E. 3) No answer                     E. 4) No facsimile connection
      E. 5) Exceeded max. E-mail size
```

## COLLINS & STORY, P.A.
*Attorneys at Law*

VIA FACSIMILE: 518-862-2690

June 30, 2011

RE:  Barbara C. Robinson

Please be advised that I represent Ms. Barbara C. Robinson regarding any and all of her accounts/debts with the City of Jacksonville.

*Max Story, Esq.*

Blackstone Building • 233 East Bay Street, Suite 920 • Jacksonville, FL 32202-3456
904.355.0805 telephone • 904.634.1507 facsimile • www.collinsstorylaw.com

Exhibit A